UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>CIRCLE Y OF YOAKUM, TEXAS, )<br>Debtor. )<br>) | Chapter 7<br><br>Case No 03-12465 (MFW) |
| JEOFFREY L. BURTCH, )<br>CHAPTER 7 TRUSTEE, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN H. ALLEN and )<br>INTERNATIONAL ADVISOR )<br>SERVICES, LLC, )<br>Defendants. )<br>) | Adv. Pro. No. 05-52252 (MFW) |

## JOHN H. ALLEN AND INTERNATIONAL ADVISOR SERVICES, LLC'S MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

Pursuant to 28 U.S.C. § 157(d), John H. Allen ("Allen") and International Advisor Services, LLC, ("IAS," and collectively with Allen, the "Defendants"), by and through counsel, file this Motion to Withdraw the Reference to the Bankruptcy Court, seeking an order to withdraw the reference to the United States Bankruptcy Court for the District of Delaware, and states as follows:

**The Parties and Procedural Background**

1. The Debtor filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on August 7, 2003 (the "Petition Date").

2. On August 20, 2003, Jeoffrey L. Burtch was appointed Chapter 7 trustee (the "Trustee").

3. On August 5, 2005, Plaintiff filed this action seeking to recover $36,000 (the "Complaint"). Among other causes of action, plaintiff asserted a preference claim

under section 547 of the Bankruptcy Code. Plaintiff also asserted a state law fraudulent transfer claim, which is a non-core claim.

4. On December 1, 2005, the Debtor served the Complaint on the Defendants.

6. The Defendants have not filed a proof of claim against the Debtor in the Debtor's bankruptcy action.

7. On January 27, 2006, the Defendants filed an answer to the complaint, demanding a jury trial.

8. Also on January 27, 2006, the Defendants filed a Motion for a Determination of Core/Non-Core Status, pursuant to Local Rule 5011-1.

### The Defendants have a Right to a Jury Trial

9. The Seventh Amendment provides, in part: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "Suits at common law" has been interpreted to mean actions involving legal rights. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3rd Cir. 1994) (*citing, Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989)). In contrast, there is no right to a jury trial on equitable claims. *Id.* A preference action is a legal action to which the right of a jury trial attaches. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1991) ("...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer."). Therefore, there can be no question that the right to a jury trial is preserved in this preference action. *NDEP Corp. v. HANDL-IT, Inc.*, 203 B.R. 905, 908-09 (D.Del. 1996). Moreover, the Defendants have not waived their right to a jury trial by submitting a claim against the estate. *See, Billing*, 22 F.3d at 1247-48; *Travellers International, A.G. v. Robinson*, 982 F.2d 96, 98-99 (3rd Cir. 1992); *Goldin v. K-Swiss, Inc.*, 2002 WL 550035 (Bankr. D. Del.).

## The sReference Should Be Withdrawn

10. Section 157(d) provides, in relevant part, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section...on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. The statute does not define "a timely motion." However, courts have held that the motion should be filed at the first reasonable opportunity, taking into consideration the circumstances of the proceeding. *Schlein v. Golub*, 188 B.R. 13, 14-15 (E.D.Pa 1995). Here, the motion is being filed shortly after the service of the Complaint and contemporaneously with the filing of the Answer. Thus, the motion has been timely filed. *See, NDEP Corp.*, 203 B.R. at 907 (motion filed eleven weeks after the complaint was filed was considered timely).

12. The statute also does not explain "cause." Courts, however, have set out some standards to consider when determining whether "cause" exists. *Id.* at 907-08. One such factor is whether a party has requested a jury trial. *Id.* at 908. Most courts that have been presented with a motion to withdraw the reference, where a jury demand has been made (and not been waived) have held that the demand constitutes sufficient cause for withdrawal of the reference. *See, K-Swiss*, at *2 (the trustee "correctly asserts that most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference"). Thus, here, as in *K-Swiss*, "cause" exists for the withdraw of the reference and the motion should be granted.

13. Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). The Defendants do not consent to a jury trial in the bankruptcy court and therefore request that the reference be withdrawn.

WHEREFORE, the Defendants pray for an order withdrawing the reference, and for all other relief this Court deems just and proper.

January 27, 2006

Respectfully submitted,

SMITH, KATZENSTEIN & FURLOW LLP

By: _____
Kathleen M. Miller (ID No. 2898)
800 Delaware Ave.
Wilmington, DE 19899
302-652-8400

and

Michael J. Tuteur
Erica Templeton Spencer
Foley & Lardner LLP
111 Huntington Avenue
Boston, Massachusetts 02199
617-342-4000

Attorneys for John H. Allen and International Advisor Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of **January 2006**, a copy of the foregoing *John H. Allen and International Advisor Services, LLC's Motion to Withdraw the Reference to the Bankruptcy Court* was served on the following by hand delivery:

> George R. Tsakataras, Esq.
> COOCH and TAYLOR
> 824 Market Street
> Suite 1000
> P.O. Box 1680
> Wilmington, Delaware 19899-1680

/s/ Kathleen M. Miller

10009618.WPD

**TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**Adversary Case #:** 05-52252
**Related Bankruptcy Case #:** 03-12465
**District Court Civil Action#:**

| | |
|---|---|
| **Deputy Clerk Transferring Case:** | Sandra Jackson |
| **Case Type:** | Adversary |
| **Nature of Suit:** | i.e. Recover Money or Property |
| **Cause of Transmittal:** | i.e. Order dated |
| **Parties:** | Jeoffrey L. Burtch, Chapter 7 Trustee, v. John H. Allen, et. al. |
| **Plaintiff's Counsel:** | **George R. Tsakataras**<br>Cooch & Taylor<br>824 N. Market Street, Suite 100<br>P.O. Box 1680<br>Wilmington, DE 19899<br>302-652-3641<br>Email: gtsakataras@ctlaw.org |
| **Defendant's Counsel:** | **Kathleen M. Miller**<br>Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue<br>P.O. Box 410<br>Wilmington, DE 19899<br>302-652-8400<br>Email: Kmiller@skfdelaware.com |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

DAVID D. BIRD  
CLERK OF COURT

824 MARKET STREET  
WILMINGTON, DE 19801  
(302) 252-2900

**Date:** May 18, 2006

To:    Clerk of Court  
       US District Court  
       District of Delaware  
       Wilmington, DE 19801

Re:    **Adversary Case: 05-52252 (MFW)**  
       **Related BK Case: 03-12465 (MFW)**

Enclosed for the United States District Court, District of Delaware is the pdf attachments relating to a Motion for Withdrawal of Reference with related documents

Please acknowledge receipt of the above transferred record by completing the information below.

Sincerely

*Sandra Jackson*

Sandra D.. Jackcson  
Deputy Clerk

I hereby acknowledge receipt of the above transferred record this _____ day of _____ 2005.

By:_____  
       Deputy Clerk

_____ Supervisor