IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCLE OF YOAKUM, TEXAS, ) | |
| ) | |
| Debtor, ) | |
| _____ ) | Civil Action No. 06-326-KAJ |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN H. ALLEN and INTERNATIONAL ) | |
| ADVISOR SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

I.  **INTRODUCTION**

Before me is a Motion to Withdraw the Reference to the Bankruptcy Court filed by John H. Allen and International Advisor Services, LLC (collectively "Allen") (Docket Item ["D.I"] 1; the "Motion"). Chapter 7 Trustee Jeoffrey L. Burtch ("Burtch") does not object to the Motion but takes the position that the Bankruptcy Court, "may and should continue to preside over the case throughout the pre-trial period, including discovery, until such time as the case is ripe for trial." (D.I. 2 at 2.) Jurisdiction is appropriate under 28 U.S.C. § 1334(a). For the reasons that follow, Allen's Motion to Withdraw the Reference to the Bankruptcy Court is denied at this time.

## II. BACKGROUND

On August 7, 2003 the Debtor, Circle Y of Yoakum, Texas, filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code. (D.I. 1 at 1.) Pursuant to that filing, Burtch was appointed Chapter 7 trustee on August 20, 2003. *(Id.)* On August 5, 2005, Burtch filed an action seeking recovery of almost $36,000 from Allen. That complaint was served on Allen on December 1, 2005. *(Id.)* On January 27, 2006, Allen filed the Motion at issue here and a Demand for Jury Trial. *(Id. at 2.)* Burtch's response to the Motion did not object to Allen's request, but asked that the Bankruptcy Court continue to preside over the case through the pretrial period, until such time that the case is ready for trial. *(D.I. 2 at 2.)* Allen argues in reply that the proceedings should be transferred now, at the commencement of the pretrial period, in order to conserve party and judicial resources. (D.I. 3 at 2.)

## III. DISCUSSION

A motion to withdraw the reference is a decision left to the discretion of the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157. This permissive standard allows the court to withdraw the reference provided that the movant meets its burden of showing "cause" for the withdrawal. *NDE Corp. v. Handl-It, Inc.,* 203 B.R. 905, 907 (D. Del. 1996). A showing of "cause" is the product of balancing several factors.

In this district, the assertion of a right to a jury trial is one factor used to determine whether "cause" exists. *Id.* at 907-908. However, "[a] Defendant's right to a

jury trial ... will not be adversely affected by having the Bankruptcy court preside over pretrial matters until the case is ready to be tried in the District Court." *Wakefern Food Corp. v. C & S Wholesale Grocers, Inc. In re Big V Holding Corp.,* No. 00-04372, 01-758, 01-233, 2002 WL 1482392, at *6 (D. Del. 2002). *See also General Electric Capital Corporation v. Teo,* No. 01-CV-1686, 2001 WL 1715777, *5 (D.N.J. 2001) ("There is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.").

The Third Circuit has stated that the following factors should be considered determining if sufficient "cause" exists to order withdrawal: "the goals promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruit,* 910 F.2d 1160, 1168 (3d Cir. 1990). The above factors are not exhaustive, however; they represent certain minimum standards. *NDEP Corp.,* 203 B.R. at 908. Relevant considerations also include judicial economy and whether the proceedings involve core or non-core issues[1]. *Hatzel & Buehler Inc. v. Orange & Rockland Util., Inc.,* 107 B.R. 34, 39 (D. Del 1989). Judicial economy is an especially important consideration. *See Wakefern Food Corp.,* 2002 WL 1482392, at

---

[1] In the original Motion to Withdraw, Allen had taken the position that Burtch's claim under § 544 of the bankruptcy code was a non-core claim. In light of Burtch's response, which includes recent case law contrary to that position, Allen has not defended the earlier position on this matter. *See In re AstroPower Liquidating Trust,* 335 B.R. 309, 329 (Bankr. D. Del, 2005) (fraudulent transfers pursuant to § 544 of the bankruptcy code were found to be core matters).

3

*4 (the court based it's decision on judicial economy relying, in part, on the bankruptcy court's familiarity with the facts and legal issues of the case when it found there was no reason to disturb the present course of the proceedings and denied defendant's motion to withdraw); General Electric Capital Corporation, 2001 WL 1715777, at *5 (the court found removal of the proceedings pre-discovery was unwarranted based on judicial economy, noting the bankruptcy court's familiarity with the facts of the case and the resources available to that court).

Allen argues that the assertion of his right to a jury trial is sufficient cause for immediate removal of the proceedings. This assertion, however, is not supported by the case law in this district. See Wakefern, 2002 WL 1482392, at *6. Allen's right to a jury trial will not be affected by the Bankruptcy Court conducting the pretrial proceedings.

Additionally, although Allen claims that judicial economy is best served by the immediate removal of the proceedings, the contrary is true. Allen's Motion will be better addressed if and when the case is ready to proceed to trial. The initial actions against Allen and three other defendants were filed in the Bankruptcy Court some nine months ago. Similar to the facts in Wakefern and General Electric, the Bankruptcy Court has had time to familiarize itself with the underlying facts of this case. Further, the Bankruptcy Court has the necessary resources to preside over the initial stages of these proceedings in an efficient and effective manner. Allen has not provided any persuasive reason why this case requires immediate removal to this Court.

## V.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED, without prejudice to Allen's right to renew the Motion at the conclusion of pre-trial proceedings.

_____
UNITED STATES DISTRICT JUDGE

June 23, 2006
Wilmington, Delaware